UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYLE D. GRIFFITH, M.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>CORCORAN DISTRICT HOSPITAL, a district hospital; JONATHAN BRENN, CEO of CORCORAN DISTRICT HOSPITAL and an individual; DAVID HILL, an individual; JAMES CARTER THOMAS, M.D., an individual; LISA IVERS, Chief Nursing Officer of CORCORAN DISTRICT HOSPITAL and an individual; SUE FAIRCHILD, Operating Room Supervisor for CORCORAN DISTRICT HOSPITAL and an individual; and DOES 1 through 25, inclusive<br><br>Defendants. | Case No. 1:09-CV-02132-LJO-GSA<br><br>**ORDER RE: PLAINTIFF'S REQUEST FOR DISCOVERY FROM THE MEDICAL EXECUTIVE COMMITTEE OF CORCORAN DISTRICT HOSPITAL AND PROTECTIVE ORDER** |

On July 22, 2010, an informal discovery dispute was held. Plaintiff was represented by Rhys-Boyd-Farrell, and Defendants were represented by Michael Popcke. Based on the agreement of the parties that the Court's indicated ruling will become the order of the Court, IT IS HEREBY ORDERED as follows :

FARLEY LAW FIRM
108 WEST CENTER AVENUE
VISALIA, CA 93291

ORDER ON PLAINTIFF'S REQUEST FOR DISCOVERY FROM THE MEDICAL EXECUTIVE COMMITTEE OF CORCORAN DISTRICT HOSPITAL AND PROTECTIVE ORDER

1) that any and all documents or information relating to the MEC proceedings involving Plaintiff LYLE D. GRIFFITH, M.D., and relevant to Plaintiff's claims in the instant action, shall be subject to discovery and not privileged under California Evidence Code §1157, including, but not limited to, deposition testimony, production of documents, and written discovery requests; and

2) that any patient information contained any discovery responses related to the MEC proceedings shall be redacted as deemed necessary by Defendants in order to comply with applicable federal statutes; and

3) that the following Protective Order and procedures shall govern the use and/or disclosure of information produced by Defendants relating to the proceedings of the Medical Executive Committee of Corcoran District Hospital in connection with discovery proceeding in this action:

    a.    In connection with discovery proceedings in this action, Defendants may designate any document, thing, material, testimony or other information derived therefrom, relating to the proceedings of the Medical Executive Committee of Corcoran District Hospital as "Confidential Records" and subject to this Protective Order (hereinafter "Order").

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making this designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

    b.    Confidential documents shall be so designated by stamping copies of the document produce to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

    c.    Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such

2

FARLEY LAW FIRM
108 WEST CENTER AVENUE
VISALIA, CA 93291

ORDER ON PLAINTIFF'S REQUEST FOR DISCOVERY FROM THE MEDICAL EXECUTIVE COMMITTEE OF CORCORAN DISTRICT HOSPITAL AND PROTECTIVE ORDER

proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

  d. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be treated as confidential and shall not be used for any purpose other than the prosecution or defense of this litigation, including discovery, law and motion, and pre-trial matters, trial, and any appeal taken herein. Confidential Material shall not be used for any other purposes unless agreed to in writing by all parties to this Order, except as required by lawful subpoena or court order, or as authorized by further order of this Court.

  e. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

  (i) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  (ii) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

  (iii) court reporter(s) employed in this action;

  (iv) a witness at any deposition or other proceeding in this action; and

  (v) any other person at to whom the parties in writing agree.

Before the attorneys disclose Confidential Material to any "qualified person" above, other than the Court or Court staff, they must inform the person receiving such Confidential Material of their confidential nature, and his or her duty to abide by the terms of the Protective Order and to maintain the confidentiality of the Confidential Material.

  f. Depositions shall be taken only in the presence of qualified persons.

  g. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential

3

FARLEY LAW FIRM
108 WEST CENTER AVENUE
VISALIA, CA 93291

ORDER ON PLAINTIFF'S REQUEST FOR DISCOVERY FROM THE MEDICAL EXECUTIVE COMMITTEE
OF CORCORAN DISTRICT HOSPITAL AND PROTECTIVE ORDER

1  Material as it deems appropriate.

2      h.    Any copies of Confidential Material to be attached as an exhibit to a motion or
3  other pleading, or otherwise to be filed with the Court in this litigation, shall be filed under seal
4  according to the provisions of Local Rule 39-141(c).

5      i.    In the event that any Confidential Material is used in any court proceeding in this
6  action, it shall not lose its confidential status through such use, and the party using such shall take
7  all reasonable steps to maintain its confidentiality during such use.

8      j.    This Order shall be without prejudice to the right of the parties (i) to bring before
9  the Court at any time the question of whether any particular document or information is
10 confidential or whether its use should be restricted or (ii) to present a motion to the Court under
11 FRCP 26(c) for a separate protective order as to any particular document or information,
12 including restrictions differing from those as specified herein.  This Order shall not be deemed to
13 prejudice the parties in any way in any future application for modification of this Order.

14     k.    This Order is entered solely for the purpose of facilitating the exchange of
15 documents and information between the parties to this action without involving the Court
16 unnecessarily in the process.  Nothing in this Order nor the production of any information or
17 document under the terms of this Order nor any proceedings pursuant to this Order shall be
18 deemed to have the effect of an admission or waiver by either party or of altering the
19 confidentiality or nonconfidentiality of any such document or information or altering any existing
20 obligation of any party or the absence thereof.

21     l.    This Order shall survive the final termination of this action, to the extent that the
22 information contained in Confidential Material is not or does not become known to the public,
23 and the Court shall retain jurisdiction to resolve any dispute concerning the use of information
24 disclosed hereunder.  Upon termination of this case, all copies of the Confidential Material shall
25 be destroyed by the party in possession; provided, however, that counsel shall be entitled to retain
26 ///
27 ///
28 ///

FARLEY LAW FIRM
108 WEST CENTER AVENUE
VISALIA, CA 93291

ORDER ON PLAINTIFF'S REQUEST FOR DISCOVERY FROM THE MEDICAL EXECUTIVE COMMITTEE
OF CORCORAN DISTRICT HOSPITAL AND PROTECTIVE ORDER

1  and preserve a litigation file in this matter, including Confidential Material. Any Confidential
2  Material so retained shall remain subject to the terms of this Protective Order.

4  IT IS SO ORDERED.

5  July 30, 2010                                            **/s/ Gary S. Austin**
                                                            United States Magistrate Judge
6                                                           Gary S. Austin

FARLEY LAW FIRM
108 WEST CENTER AVENUE
VISALIA, CA 93291

ORDER ON PLAINTIFF'S REQUEST FOR DISCOVERY FROM THE MEDICAL EXECUTIVE COMMITTEE
OF CORCORAN DISTRICT HOSPITAL AND PROTECTIVE ORDER